## THE CHICO.

(District Court, N. D. California. June 7, 1905.)

No. 13,398.

1. MASTER AND SERVANT—APPLIANCES—MEASURE OF CARE REQUIRED.

A master's duty to his servant, with respect to machinery or appliances, is sufficiently discharged by providing those that are reasonably safe and fit; and an appliance is reasonably safe and fit when it can be used by the servant in the course of his employment, without danger to himself, by exercising ordinary care.

[Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Master and Servant, §§ 173, 203.]

2. SAME.

The owner of a vessel is not negligent in furnishing for the use of seamen a winch in which the cogwheels are not protected so as to prevent the operator's fingers from being caught, where it can be safely used by the exercise of reasonable care.

3. SEAMEN—INJURY IN COURSE OF EMPLOYMENT—LIABILITY OF VESSEL FOR COST OF CURE.

A seaman, injured in operating a winch in the course of duty, although through his own negligence, is entitled to recover from the owners of the vessel the amount expended for medical and hospital expenses.

[Ed. Note.—For cases in point, see vol. 43, Cent. Dig. Seamen, §§ 39–42.]

In Admiralty. Action by seaman to recover damages for personal injury.

F. R. Wall, for libelant.

T. C. Coogan and C. E. Snook, for respondent.

DE HAVEN, District Judge. The libelant was a seaman on the steamer Chico, and brings this action to recover damages for injuries sustained by him while operating a winch on that steamer; the libel alleging that the winch was one that could not be safely operated, because its cogged wheels were not sufficiently protected, and that the owners of the steamer were guilty of negligence in providing such unprotected machinery for the use of the crew.

The claimant was not guilty of negligence in installing and continuing in use the winch, in the operation of which libelant was injured as set forth in the libel. It may be conceded that there would have been less damage in operating the winch if the cogs on its wheels had been fully protected, so that the fingers of libelant could not have been caught. Still it is clear from the evidence that the winch was not, with ordinary care, dangerous to operate, and that libelant's injury was caused by his own want of care. The rule is that:

"The master is not bound to furnish the very best materials, implements, or accommodations which can be procured, nor those which are absolutely the most convenient or most safe. His duty is sufficiently discharged by providing those which are reasonably safe and fit." Shearman & Redfield on Negligence (5th Ed.) § 175; Sappenfield v. Main St. R. R. Co., 91 Cal. 48, 27 Pac. 590; Sweeney v. Berlin & Jones Envelope Co., 101 N. Y. 520, 5 N. E. 358, 54 Am. Rep. 722.

An appliance is reasonably fit when it can be used by the servant in the course of his employment without danger to himself by exercising ordinary care. The winch of which complaint is made was reasonably

fit, within the requirement of this rule. It follows that libelant is not entitled to damages for the injury sustained by him, but he is entitled to recover the amount expended by him for hospital charges and medical services in effecting the cure of such injury. The evidence shows that libelant expended $132.50 for this purpose.

Let a decree be entered in his favor for that sum, with interest from the date of the filing of the libel, and for costs.